UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

        -against-

MARIA AGUINDA SALAZAR, et al.,                    11 Civ. 3718 (LAK)

                Defendants,

        -and-

STEVEN DONZIGER, et al.,

                Intervenors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        On May 31, 2011, the Court granted the alternative request of Steven Donziger to sever Count 9 of the amended complaint in No. 11 Civ. 0691 (LAK), thus creating this separate action, and granted in part and denied in part his motion to intervene here.[1] Donziger now moves to stay all discovery in this action pending his appeal from this Court's order to the extent that it denies aspects of his motion to intervene. The Court assumes familiarity with the decision in question as well as the prior proceedings in this and related actions, in which it has filed extensive and detailed opinions. In ruling on the application, moreover, it assumes without deciding that the

---

[1] 11 Civ. 0691 (LAK), DI 327, 328.

standard governing a stay of proceedings pending an interlocutory appeal – as distinguished from a stay of the order appealed from, which Donziger has not sought – is the same as that applicable to a motion for a stay of the order appealed from. Thus, the Court must consider:

> "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies .'"[2]

First, Donziger is unlikely to prevail on the merits:

- As an initial matter, it is unlikely that the Court of Appeals has jurisdiction in light of *Stringfellow v. Concerned Neighbors in Action*[3] and *Eng v. Coughlin*,[4] which hold that an order granting even highly restrictive intervention is not appealable prior to the entry of final judgment.

- Nor is it likely that the order would be reviewable by mandamus, which is confined to exceptional cases in which, among other things, an appeal from a final judgment would not be an adequate remedy[5] – a circumstance absent here.

- Even if the order were reviewable at this stage of the action, either by direct appeal or by mandamus, the scope of appellate review would be quite

---

[2] *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 169 (2d Cir.2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[3] 480 U.S. 370 (1987).

[4] 865 F.2d 521 (2d Cir. 1989).

[5] *E.g., Aref v. United States*, 452 F.3d 202, 206 (2d Cir. 2006).

3

narrow. Were the order appealable, the standard would be abuse of discretion.[6] The standard on mandamus review would be even narrower.[7] Yet Donziger has shown no likely error in the decision on his intervention motion, much less an abuse of discretion or a "clear and indisputable" right to intervene more broadly than the Court has allowed. Indeed, the only merits-related argument he has advanced on this stay application is one that he did not even make in support of the motion to intervene.[8] Moreover, this is the fourth application by Donziger or his clients, the LAP Representatives, either to this Court or the Court of Appeals for this or similar relief, and all prior applications have been denied.

Second, Donziger has failed to show any threat of irreparable injury in the event a

---

[6] *E.g., United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 990 (2d Cir. 1984).

[7] As the Second Circuit said in an earlier action relating to this dispute, mandamus is not available unless, among other things, the petitioner's right to relief is "clear and indisputable." *In re Aguinda,* 241 F.3d 194, 202 (2d Cir. 2001). *Accord, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 18 (1983); *In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir. 2002).

[8] Donziger now claims that he is likely to prevail on appeal on his contention that he has a right to intervene under Rule 24(a) because Chevron seeks to enjoin him from collecting on his contingent fee arrangement in the event the LAPs recover on the Ecuadorian judgment. DI 21, at 4. While his present memorandum suggests that he made that argument previously, *id.* (citing DI 295, 11 Civ. 0691 (LAK), at 5-7), that suggestion is erroneous. His previous argument actually was quite different, *viz.* that he has a charging lien under New York law that gives him a legal interest in his clients' judgment. DI 295, 11 Civ. 0691 (LAK), at 5-7.

In any case, Donziger's most recent argument is incorrect. Count 9 of the amended complaint in 11 Civ. 0691 (LAK), which is the operative pleading in this severed case, does not seek that relief. Am. Cpt., 11 Civ. 0691 (LAK), DI 283, at ¶¶ 427-33.

stay is denied. While some of his actions and statements in and with respect to the Ecuadorian litigation that underlies this dispute are likely to be at issue in this action, Donziger is a party to the action in which relief is sought against him, No. 11 Civ. 0691 (LAK), and will have a full opportunity to defend himself there. His concerns in this case, in contrast, are entirely derivative of those of his clients, who have every interest in seeking to defend the Ecuadorian judgment. In fact, as Donziger still acts as one of their attorneys[9] and, indeed, has substantial control over the purse strings that govern access to funds available for their efforts,[10] his control or substantial influence over this action seems assured.

Rather than deny his ability to control or, at least, influence the litigation strategy employed by his clients, Donziger implies – first before this Court in his reply papers on this motion and not previously – that the LAP Representatives are not representing his concerns adequately because they have not yet served any discovery requests in this action. Even if the argument were properly advanced at this late date,[11] however, it would be baseless. *Both* Donziger and the LAP Representatives are trying to prevent any discovery in this action whatsoever. They repeatedly have moved (unsuccessfully), in this Court and in the Court of Appeals, to stay all proceedings or, at

---

[9] DI 319, 11 Civ. 0691 (LAK), at 4-5.

[10] DI 252-1, 11 Civ. 0691 (LAK), at 5-6.

[11] The argument was not made in support of Donziger's intervention motion and therefore is unlikely to be considered on appeal. *See, e.g., Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005). Since the availability of a stay pending appeal depends in no small degree on the movant's likelihood of success on appeal, an argument first raised after entry of the judgment or order appealed from is unlikely to support reversal.

5

least, all discovery in this action.[12] The service of discovery requests by either of them would have been inconsistent with those efforts. Indeed, while Donziger initially served discovery requests in 11 Civ. 0691 (LAK) shortly after the preliminary injunction was granted and before the complaint was amended, he promptly withdrew them.[13] Thus, the fact that the LAP Representatives have not sought discovery does not suggest that they will not adequately represent Donziger's concerns. To the contrary, the parallel and, no doubt, coordinated efforts by Donziger and his clients to block any discovery at all strongly suggest the complete alignment of their interests.

Third, for reasons previously articulated elsewhere, Chevron would be prejudiced by a stay of proceedings pending appeal.[14]

---

[12] No. 11 Civ. 0691 (LAK):

DI 280 (denial of LAP Representatives' motion [DI 237] for stay of district court proceedings pending appeal); DI 314 (Second Circuit denial of stay of proceedings in this Court pending appeal); DI 326 (order on Donziger proposed order to show cause to stay discovery pending ruling on intervention).

No. 11 Civ. 3718 (LAK):

DI 4 (LAP Representatives' motion to stay discovery); DI 5 (order denying LAP Representatives motion for temporary stay of discovery pending determination of stay motion).

[13] Tr., May 26, 2011, at 9:17-20; 11:7-15.

He has sought to explain this by contending that he withdrew his discovery requests because there had not yet been a Rule 26 conference. *Id*. at 11:11-12. But that argument is not persuasive. In the period before the filing of the amended complaint and even thereafter, Donziger either could have moved to compel Chevron to participate in a Rule 26 conference, serve discovery requests, and litigated his right to participate in discovery if it had been contested. He did not do so. Moreover, Donziger, notwithstanding the order for a separate trial, served Rule 26(a) initial disclosures – an act entirely inconsistent with his claim that he believed that he could not participate in the litigation of Count 9. DI 31, at 2-3 n.1.

[14] *Chevron v. Donziger,* No. 11 Civ. 0691 (LAK), 2011 WL 1465679, at *2 (S.D.N.Y. Apr. 15, 2011).

6

Finally, there is no serious suggestion that the public interest favors a stay of proceedings pending appeal. To the contrary, the public interest would best be served by the trial or other final disposition of this action on the merits after appropriate pretrial proceedings.

Accordingly, Donziger's motion [DI 12] is denied in all respects. The Clerk shall terminate also DI 14, Donziger's memorandum of law, which incorrectly was docketed as a separate motion.

SO ORDERED.

Dated:    June 14, 2011

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)