UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                Plaintiff,

              -against-                                11 Civ. 3718 (LAK)

MARIA AGUINDA SALAZAR, et al.,

                Defendants,

              -and-

STEVEN DONZIGER, et al.,

                Intervenors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

        Plaintiff moves to compel defendants Camacho Naranjo and Piaguaje Payaguaje to produce documents pursuant to its first request for production served on each of them. [DI 77]. Forty-six identical requests are posed to each defendant. Each defendant has served 102 pages of responses, almost all consisting of objections, and have yet to produce any documents.[1] The Court has considered all of the objections and, except to the extent indicated below, found them to be without merit. It writes only to emphasize several points.

---

[1] Chevron and the defendants appear to have agreed that the defendants would begin producing documents on June 20, 2011 on a weekly rolling basis. As of June 23, the defendants had not produced *any* documents to Chevron. DI 96, Ex. A. Had the defendants produced even a small number of documents on June 20 as previously agreed there likely would be no need for the present motion or this order setting deadlines for document production and privilege logs.

1.      These defendants object to the document requests to the extent that they purport to define terms uniform definitions of which are included in S.D.N.Y. Civ. R. 26.3 and to do so more broadly than the local rule.  In fact, Chevron's definitions of the words "communication," "document," and "person" incorporate by reference the definitions contained in S.D.N.Y. Civ. R. 26.3, but in each case add additional language further specifying Chevron's view of aspects of the meanings of the uniform definitions.  In the interest of adhering strictly to the uniform definitions, the interrogatories are modified to incorporate only the uniform definitions of those three terms.  The additional language that Chevron included, however, added nothing of substance to what the uniform definitions inherently require.  These defendants therefore shall respond accordingly.  The remaining objections to the definitions in the document requests are without merit.

2.      To the extent that these defendants object to the document requests on the ground that they might seek privileged information (e.g., General Objection 28, 29), they have failed to comply with S.D.N.Y. Civ. R. 26.2.

3.      Defendants interpose general objections consisting largely of all too familiar boilerplate that then are incorporated by reference into responses/objections to individual document requests.  Many are framed so as to object to the requests "to the extent that" one or another condition is met without anywhere defining whether or to what extent defendants contend that the stated condition is met.  One thus is compelled to speculate as to whether and to what extent the defendants have limited their responses to particular requests on some unidentifiable and usually quite subjective basis.  For example, General Objection 2 objects to all of the requests "to the extent that they purport to impose obligations in addition to, or different from, those required by the Federal Rules of Civil Procedure and/or Local Rules of this Court."  That General Objection then is incorporated throughout.  The reader thus has no idea whether the defendants in fact maintain that any specific request purports to impose such obligations or the manner in which it allegedly does so.  Moreover, in the instances in which defendants indicate that they will produce some documents in response to a given request, they indicate that their response will be "subject to" the general objections.  Thus, there is no way definitively to ascertain the extent to which the defendants have limited responses on this ground, let alone the bases on which they have done so.  This is not acceptable.

4.      Plaintiff's motion contends that the "[d]efendants maintain that they are not required to produce documents in the custody or control of their attorneys and other agents."  [DI 77 ¶ 2].  While the portions of defendants' objections that plaintiff cites for this assertion perhaps are not so unequivocal, defendants' memorandum in opposition to the motion contends that "Chevron's motion must be denied because . . . [these defendants] do not control the various individuals from whom Chevron seeks documents." It goes on to argue that documents in the hands of the lawyers representing the Lago Agrio plaintiffs may be reached only to the extent that they were "materials prepared in the scope of the representation of *these two individuals*."  DI 96, at 2 (emphasis in original).  The implication seems to be that materials prepared in the representation of the other Lago Agrio plaintiffs, or prepared in the joint representation of all of the LAPs including these two defendants, will not be produced.

A party seeking discovery "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A party served with a Rule 34 request must produce requested items "in the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1). As the Court previously explained, lawyers are agents for their clients. In addition, one and perhaps more of the lawyers here in question hold powers of attorney or other formal authority from or on behalf of their clients. Moreover, the suggestion that an attorney acting for a group of similarly situated clients is obliged to produce, on request made by one or more of the clients, only those documents that pertain to the representation of that client and none other is unpersuasive, and these defendants have cited no authority that supports it.

An agent is subject to a duty to provide his principal with information relevant to the affairs entrusted to him or her provided only that doing so would not violate a superior duty owed to another. *E.g., Evvtex Co. v. Hartley Cooper Assocs. Ltd.,* 102 F.3d 1327, 1332 (2d Cir. 1996); RESTATEMENT (THIRD) OF AGENCY § 8.11 (2006). The defendants have suggested no persuasive reason to believe that providing unprivileged documents held by these lawyers in connection with their common representation of any or all of the Lago Agrio Plaintiffs would violate a superior duty owed to another. Indeed, it seems perfectly clear that any duty owed by the lawyers and other agents for the LAPs to those of the LAPs who have not appeared in this action would be no greater than their duties to these particular LAPs – after all, those lawyers and agents have acted for the entire group, and there is nothing before the Court to indicate that the services they have performed were any more or less related to the interests of any individual group member than to the others. Finally, it may not properly be overlooked that all of the LAPs – both those who have appeared and those who have not – are defendants in this action, have been duly served with process, and are subject to the personal jurisdiction of this Court. While most have defaulted (and thereby waived any objection to personal jurisdiction), the Court has the authority to order each and every one of them to produce documents within their possession, custody or control, thus subjecting them to the obligation to produce documents within the possession, custody or control of their lawyers and other agents.

5.  The Court has considered defendants' other objections to the requests for production and reviewed each request. The objections to Request Nos. 16, 31, 36 and 46 are sustained. Request Nos. 12 and 18 are modified as follows.

5.1.  Request No. 12 is modified by striking the period at the end thereof and adding the following: "and ROE or CABRERA."

5.2.  Request No. 18 is modified by striking the period at the end thereof and adding the following: "and made or rendered to or by ROE or CABRERA."

\* \* \*

Accordingly, plaintiff's motion to compel production of documents pursuant to its Rule 34 request is granted to the extent that defendants Camacho Naranjo and Piaguaje Payaguaje

4

shall comply fully with all requests on or before July 15, 2011, save that (a) the objections with respect to Request Nos. 16, 31, 36 and 46 are sustained, (b) these defendants by that date shall comply fully with Request Nos. 12 and 18 as modified above, and (c) in lieu of producing documents as to which these defendants claim privilege, these defendants may produce, on or before July 13, 2011, a privilege log fully compliant with S.D.N.Y. Civ. R. 26.2.[2]

       SO ORDERED.

Dated:       July 6, 2011

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[2] The Court has taken into account in fixing the time for a response the fact that these requests were served on or about May 20, 2011, more than six weeks ago, and that defendants did not even serve their objections until on or about June 20, 2011 – this despite the Court having ordered expedited discovery in this case, setting a trial for November 14, and fixing the discovery cutoff in September 2011. The Court's previously expressed expectation that counsel would "cooperate in scheduling depositions, agreeing to expedited periods within which the respond to document request[s] and other written discovery, and otherwise preparing Count Nine for disposition on its merits within the limits of th[e court-established] schedule" [No. 11 Civ 0691 (LAK), DI 279] obviously has fallen on deaf ears. In any case, however, defendants have had the document requests for over six weeks. Given the time the defendants already have had, the additional time now afforded is appropriate.