```
UNITED STATES DISTRICT COURT                      (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
CHEVRON CORPORATION,                  :   11 Civ. 3718 (LAK) (JCF)
                                      :
              Plaintiff,              :       MEMORANDUM
                                      :       AND   ORDER
    - against -                       :
                                      :
MARIA AGUINDA SALAZAR, et al.,        :
                                      :
              Defendants,             :
                                      :
        - and -                       :
                                      :
STEVEN DONZIGER, et al.,              :
                                      :
              Intervenors.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Defendants Javier Piaguaje Payaguaje and Hugo Gerardo Camacho Naranjo have moved to compel plaintiff Chevron Corporation ("Chevron") to answer the defendants' interrogatories. As a result of discussions among counsel, the defendants have modified their interrogatories as set forth in the letter of Larry R. Veselka dated August 8, 2011, attached as Exhibit 5 to the defendants' motion. Accordingly, I will address each dispute as it relates to the modified interrogatories. In addition, my determinations are guided by the Memorandum Opinion of the Honorable Lewis A. Kaplan, U.S.D.J., dated August 17, 2011 (the "8/17/11 Op."), which defines the scope of certain claims and defenses. The outstanding disputes are resolved as follows:

1

1.  Chevron shall answer modified interrogatory no. 1 for the period following January 1, 2003.  Information concerning Chevron's conduct prior to that date is not relevant.  (8/17/11 Op. at 23).  On the other hand, Chevron has placed at issue the adequacy of the Ecuadorian judicial system, not merely its conduct of the Lago Agria litigation, and Chevron's experience with that system is therefore relevant.

2.  Chevron shall answer modified interrogatory no. 2 for the period following January 1, 2003 for substantially the reasons set forth in paragraph 1 above.

3.  Chevron's objections to modified interrogatory no. 3 are upheld.  Jurisdictions other than Ecuador are not sufficiently germane to the issues in this case to warrant to burden and expense of discovery.  See Fed. R. Civ. P. 26(b)(2)(C).

4.  Chevron shall answer modified Interrogatory no. 4 for the period following January 1, 2003.

5.  Chevron's objections to modified interrogatory no. 5 are upheld substantially for the reasons set forth in paragraph 3 above.

6.  Chevron shall answer modified interrogatory no. 6.

7.  Chevron shall answer modified interrogatory no. 7, limited to instances of substantive ex parte contacts, if any (i.e., contacts relating to scheduling matters and other logistical issues are excluded).

8. Chevron shall answer modified interrogatory no. 8, limited to investigations relating to potential violations of the Foreign Corrupt Practices Act in connection with the Lago Agria litigation.

9. Chevron shall answer modified interrogatory no. 9.

10. Chevron's objections to modified interrogatory no. 10 are upheld. The information requested, if relevant at all, goes to a legal issue that the parties may argue at the point where the scope of any injunction is being considered.

11. Chevron shall answer modified interrogatory no. 11.

12. Chevron's objections to modified interrogatory no. 12 are upheld, as the interrogatory is overbroad in the absence of any identification of the specific issues as to which the witnesses have knowledge.

13. Chevron shall answer modified interrogatory no. 13 for the period following January 1, 2003.

14. Chevron's objections to modified interrogatory no. 14 are upheld, as this interrogatory is overbroad in that it would require identification of every vendor who supplied any product or service connected in any way with the litigation and related events.

15. Chevron shall answer modified interrogatory no. 15.

16. Chevron shall answer modified interrogatory no. 16.

17. Chevron shall answer modified interrogatory no. 17.

18. Chevron shall answer modified interrogatory no. 18.

19. Chevron shall answer modified interrogatory no. 19.

To the extent Chevron is required by this order to answer interrogatories, it shall do so by August 25, 2011. This order resolves Docket no. 195.

SO ORDERED.

*[signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       August 19, 2011

Copies mailed this date:

Randy M. Mastro, Esq.
Kristen L. Hendricks, Esq.
Anne Champion, Esq.
Gibson, Dunn & Crutcher, LLP
200 Park Avenue, 47th Floor
New York, New York  10166

Andrea E. Neuman, Esq.
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA  92612

William E. Thomson, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071

Carlos A. Zelaya, II, Esq.
F. Gerald Maples, Esq.
F. Gerald Maples, PA
365 Canal Street, Suite 2650
New Orleans, LA  70130

Julio C. Gomez, Esq.
Julio C. Gomez Attorney at Law LLC
111 Quimby Street, Suite 8
Westfield, New Jersey  07090

Larry R. Veselka, Esq.
Tyler G. Doyle, Esq.
Smyser Kaplan & Veselka, L.L.P.
Bank of America Building
700 Lousiana, Suite 2300
Houston, TX  77002