```
UNITED STATES DISTRICT COURT                   (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
CHEVRON CORPORATION,                  :  11 Civ. 3718 (LAK) (JCF)
                                      :
               Plaintiff,             :       MEMORANDUM
                                      :       AND   ORDER
     - against -                      :
                                      :
MARIA AGUINDA SALAZAR, et al.,        :
                                      :
               Defendants,            :
                                      :
       - and -                        :
                                      :
STEVEN DONZIGER, et al.,              :
                                      :
               Intervenors.           :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Chevron Corporation ("Chevron") has submitted a letter application dated August 26, 2011, requesting that non-party Andrew Woods produce the complete version of five documents that he has disclosed in redacted form. (Letter of Randy M. Mastro dated Aug. 26, 2011). In response, Mr. Woods has agreed to produce the document identified by privilege log entry 1074 A1 in unredacted form, but he maintains that the remaining redactions were appropriate. (Letter of Elliot Peters dated Aug. 29, 2011 ("Peters Letter")).

The framework for addressing Chevron's application is contained in my Memorandum and Order dated August 16, 2011 (the "8/16/11 Order"), in which I adjudicated Mr. Woods' claims of

1

attorney-client privilege and work product immunity after having reviewed some 4,250 documents in camera.  Subsequently, I further ruled again on a small number of documents as to which Mr. Woods sought reconsideration.  (Memorandum and Order dated Aug. 22, 2011).  Familiarity with both of those decisions is assumed.

As a threshold matter, I should note that the process that Mr. Woods followed in redacting the documents at issue was entirely appropriate.  Four of the five documents relate to attorney billing and the like, which I characterized as "finance" documents, and I had invited Mr. Woods to redact privileged information from such documents before producing them.  (8/16/11 Order at 4).  The fifth document does not fall into that category and was subject to production without redaction since Mr. Woods had not sought reconsideration of my original finding that it was to be disclosed. However, given the demanding time schedule under which he and his counsel have been working and the absence of any prejudice to Chevron, I will reevaluate that document as well.  At my request, Mr. Woods has provided me with the redacted versions that he produced to Chevron as well as the complete versions that I previously reviewed in camera.

Two of the documents in question, nos. 962 and 970, are different versions of the same e-mail chain.  They discuss the billing of legal services in connection with the Lago Agrio

litigation, and Mr. Woods redacted material that he contends discloses "the specific nature of the services provided." (Peters Letter at 4). After having again reviewed these documents, I do not agree with that characterization. While the redacted information reveals a billing dispute, it does not disclose anything about the substance of work done on behalf of the clients. Documents nos. 962 and 970 shall therefore be disclosed in unredacted form.

Document no. 1545 is an e-mail between counsel and a public relations consultant. Mr. Woods argues that the redacted portion is privileged because "it reflects attorney work product protected analysis of the possible nature of the judgment that might issue from the Lago Agrio Court in Ecuador and how best to react to such a judgment." (Peters Letter at 4). I disagree. The only "reaction" to the judgment that is discussed relates to public relations and not to future litigation. See Calvin Klein Trademark Trust v. Wachner, 198 F.R.D. 53, 54 (S.D.N.Y. 2000) (holding that purpose of work product doctrine "is to provide a zone of privacy for strategizing about the conduct of litigation itself, not for strategizing about the effects of the litigation on the client's customers, the media, or on the public generally").

By contrast, document no. 2317 should not have been ordered disclosed. As Mr. Woods indicates, it is a communication among

3

counsel concerning the instant case, not the Lago Agrio litigation. (Peters Letter at 3). As such, it should not have been included in the privilege log in the first place and is not subject to disclosure. (8/16/11 Order at 2).

Conclusion

For the reasons set forth above, Chevron's application is granted with respect to documents nos. 962, 970, 1545, and 1074 A1, and denied with respect to document no. 2317.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       September 1, 2011

Copies mailed this date:

Randy M. Mastro, Esq.
Kristen L. Hendricks, Esq.
Anne Champion, Esq.
Gibson, Dunn & Crutcher, LLP
200 Park Avenue, 47th Floor
New York, New York  10166

Andrea E. Neuman, Esq.
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA  92612

William E. Thomson, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071

```
Carlos A. Zelaya, II, Esq.
F. Gerald Maples, Esq.
F. Gerald Maples, PA
365 Canal Street, Suite 2650
New Orleans, LA  70130

Julio C. Gomez, Esq.
Julio C. Gomez Attorney at Law LLC
111 Quimby Street, Suite 8
Westfield, New Jersey  07090

Elliott R. Peters, Esq.
John W. Keker, Esq.
Christopher J. Young, Esq.
Jan N. Little, Esq.
Matthew M. Werdegar, Esq.
Nikki H. Vo, Esq.
Paula L. Blizzard, Esq.
William S. Hicks, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111
```