```
UNITED STATES DISTRICT COURT          (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
CHEVRON CORPORATION,                :  11 Civ. 3718 (LAK) (JCF)
                                    :
              Plaintiff,            :
                                    :     MEMORANDUM
     - against -                    :     AND ORDER
                                    :
MARIA AGUINDA SALAZAR, et al.,      :
                                    :
              Defendants,           :
                                    :
     - and -                        :
                                    :
STEVEN DONZIGER, et al.,            :
                                    :
              Intervenors.          :
- - - - - - - - - - - - - - - - - -:
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

In a Memorandum and Order dated August 23, 2011 (the "8/23/11 Order"), I determined, among other things, that the defendants Hugo Camacho Naranjo and Javier Piaguaje Payaguaje had waived any attorney-client privilege or work product immunity with respect to documents that were required to be produced pursuant to the July 6, 2011 Order of the Honorable Lewis A. Kaplan, U.S.D.J. In response to the defendants' objections, Judge Kaplan issued an order dated September 12, 2011, generally affirming the 8/23/11 Order but holding that the waiver did not apply to documents that had, in fact, been logged, as reflected in Exhibits A and B to the Declaration of Julio C. Gomez dated August 31, 2011 (the

1

"Defendants' Privilege Logs").[1] Judge Kaplan then remanded the matter to me to consider the objections asserted in those logs.

There is no basis for finding that the objections set forth in the Defendants' Privilege Logs were inappropriately asserted or have been waived. The logs are highly detailed, and Chevron Corporation ("Chevron") has not challenged specific entries. To the extent that Chevron suggests that there should be some blanket finding of waiver for the logged documents, its arguments are unpersuasive. For example, it contends that by failing to assert privilege in connection with the deposition of Charles Calmbacher, the defendants permitted the voluntary disclosure of privileged information and therefore committed a broad waiver. (Chevron Reply Memorandum dated Aug. 16, 2011 at 9). But principles of selective waiver apply where a party gains an unfair advantage by attempting to use a privilege as both a sword and a shield. See In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993) ("[S]elective assertion of privilege should not be merely another brush on an attorney's palette, utilized and manipulated to gain tactical or strategic advantage."); Oxyn Telecommunications, Inc. v. Onse Telecom, No. 01 Civ. 1012, 2003 WL 660848, at *7 (S.D.N.Y.

---

[1] In the 8/23/11 Order, I did not intend to imply that the defendants had, by failing to log certain documents, waived any discovery immunity with respect to documents that had, in fact, been logged.

2

Feb. 27, 2003); E.E.O.C. v. Johnson & Higgins, No. 93 Civ. 5481, 1998 WL 778369, at *10 (S.D.N.Y. Nov. 6, 1998). Here, there is no indication that the defendants sought or obtained such an advantage. It is hardly surprising that in litigation of this magnitude, involving multiple parties, law firms, and agents, the assertion of privilege has not been absolutely consistent. Nor has there been any showing that the defendants have reaped any advantage; to the contrary, evidence obtained from Dr. Calmbacher, for instance, has been utilized by Chevron in support of its contention that the defendants' claims of privilege should be overcome by the crime-fraud exception. In the context of this case and in the absence of any prejudice to Chevron, the failure of the defendants to ensure that all privileged information has been kept sacrosanct does not operate as a waiver.

Conclusion

For the reasons set forth above, the objections set forth in the Defendants' Privilege Logs are upheld.

SO ORDERED.

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:  New York, New York
        September 13, 2011

Copies mailed this date:

3

Randy M. Mastro, Esq.
Kristen L. Hendricks, Esq.
Anne Champion, Esq.
Gibson, Dunn & Crutcher, LLP
200 Park Avenue, 47th Floor
New York, New York  10166

Andrea E. Neuman, Esq.
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA  92612

William E. Thomson, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071

Carlos A. Zelaya, II, Esq.
F. Gerald Maples, Esq.
F. Gerald Maples, PA
365 Canal Street, Suite 2650
New Orleans, LA  70130

Julio C. Gomez, Esq.
Julio C. Gomez Attorney at Law LLC
111 Quimby Street, Suite 8
Westfield, New Jersey  07090

Tyler G. Doyle, Esq.
Craig Smyser, Esq.
Larry R. Veselka, Esq.
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002