```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
CHEVRON CORPORATION,                  :   11 Civ. 3718 (LAK) (JCF)
                                      :
              Plaintiff,              :
                                      :   MEMORANDUM
     - against -                      :   AND ORDER
                                      :
MARIA AGUINDA SALAZAR, et al.,        :
                                      :
              Defendants,             :
                                      :
     - and -                          :
                                      :
STEVEN DONZIGER, et al.,              :
                                      :
              Intervenors.            :
- - - - - - - - - - - - - - - - - - -:
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

> [USDS SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 9/20/11]

In partial response to the discovery demands of defendants Hugo Camacho Naranjo and Javier Piaguaje Payaguaje, plaintiff Chevron Corporation ("Chevron") produced categorical privilege logs that described groups of documents withheld on grounds of attorney-client privilege or work product immunity. The defendants then moved to compel production of the documents referenced on the ground that the logs failed to provide information with the specificity required by Local Civil Rule 26.2. In order to inform my decision on that application, I directed Chevron to produce for *in camera* review all documents that fell into ten randomly selected categories identified in its privilege logs.

Inspection of the individual documents reveals that the

1

categorization process engaged in by Chevron obscures rather than illuminates the nature of the materials withheld. For example, Category no. 260 in Chevron's "Non-Communications Privilege Log" refers to the authors of the documents (the "Category 260 Documents") as "outside counsel or in-house counsel or Chevron other in-house or common interest counsel or representatives or investigators". (Defendants Hugo Camacho Naranjo and Javier Piaguaje Payaguaje's Motion to Compel Plaintiff Chevron Corporation to Produce Documents Identified in Its Deficient Privilege Log, Exh. B ("Non-Communications Privilege Log") at 94). It fails to explain what a "representative" might be or to identify any issue to which common interest doctrine applies. Chevron then provides the following description:

> DOCUMENTS assembled, obtained, gathered, or compiled as part of a fact investigation at the direction of counsel and in anticipation of litigation or in preparation for trial, the assembling, obtaining, gathering, or compiling of which reflect the thoughts, impressions, legal theories, or litigation strategies of counsel regarding discovery proceedings pursuant to 28 U.S.C. § 1782 seeking discovery related to the LAGO AGRIO DISPUTES.

(Non-Communications Privilege Log at 94). In fact, there is a much more straightforward description for the documents in this category: they are all press releases and news stories related to the Lago Agrio litigation. As such, some or all may be subject to disclosure for the reasons set forth in my Memorandum and Order

2

dated August 16, 2011 (the "8/16/11 Order"). (8/16/11 Order at 3-4). The defendants could not have guessed this, however, based on Chevron's categorical description of the documents.

Distressingly, Chevron has taken a view of its own discovery responsibilities sharply different from the obligations it seeks to impose on the defendants and on non-parties. In a motion to compel production of documents in the possession of defendants' counsel, Chevron was highly critical of privilege log descriptions that turn out to have been far more detailed than Chevron's own. (Chevron Corporation's Motion to Compel Andrew Woods and Laura Garr to Produce Individual Documents Listed on Their Privilege Logs at 1 & n.2, 4). Furthermore, Chevron withheld the public relations documents included in its privilege logs notwithstanding the fact that I had just issued an order indicating that similar documents could not be withheld by defendants' attorneys. And, although I have focused here on the Category 260 Documents, some documents in other categories appear not to have been properly withheld because they are neither privileged nor subject to the work product doctrine.

The manner in which Chevron has implemented its categorical privilege logs has thus impeded the defendants' ability to challenge Chevron's assertion of privilege and discovery immunity. Chevron must therefore produce an itemized privilege log for those

3

documents it seeks to withhold.

Conclusion

The defendants' motion to compel (Docket no. 264) is granted to the extent that, by September 23, 2011, Chevron shall identify individually each document withheld from discovery, including (1) the type of document, (2) the general subject matter, (3) the date, and (4) any other information necessary to identify the document and evaluate the claim of privilege, including where appropriate, the author and addressees, any other recipients, and the relationship among the author and each recipient.[1]

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       September 19, 2011

Copies mailed this date:

Randy M. Mastro, Esq.
Kristen L. Hendricks, Esq.
Anne Champion, Esq.
Gibson, Dunn & Crutcher, LLP
200 Park Avenue, 47th Floor
New York, New York  10166

---

[1] I note that, had counsel been more cooperative and less contentious with one another, they might have reached an accommodation less onerous for all concerned.

Andrea E. Neuman, Esq.
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA  92612

William E. Thomson, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA  90071

Carlos A. Zelaya, II, Esq.
F. Gerald Maples, Esq.
F. Gerald Maples, PA
365 Canal Street, Suite 2650
New Orleans, LA  70130

Julio C. Gomez, Esq.
Julio C. Gomez Attorney at Law LLC
111 Quimby Street, Suite 8
Westfield, New Jersey  07090

Tyler G. Doyle, Esq.
Craig Smyser, Esq.
Larry R. Veselka, Esq.
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002