# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

**MEMO ENDORSED**

*[stamp: RECEIVED SEP 2 1 2011 JUDGE KAPLAN'S CHAMBERS]*

September 20, 2011

Randy M. Mastro
Direct: 212.351.3825
Fax: 212.351.5219
RMastro@gibsondunn.com

*[illegible stamp]*

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Chevron Corp. v. Aguinda Salazar, et al.*, Case No. 11 Civ. 3718 (LAK)

Dear Judge Kaplan:

I write as counsel for Plaintiff Chevron Corporation concerning the Memorandum and Order (the "Order") dated yesterday but issued today by Magistrate Judge Francis [DI 360] (copy enclosed).  The Order directs Chevron to produce to Defendants on three days' notice a document-by-document privilege log for all materials—totaling well in excess of 100,000 pages—withheld in connection with Count Nine discovery.

The Second Circuit's order of late yesterday staying the proceedings relating to Count Nine would appear to apply to any deadlines imposed by this subsequent Order.  (*See Chevron Corp. v. Camacho*, No. 11-1150-cv(L), [DI 597] (2d Cir. Sept. 19, 2011).)  Chevron understands that Defendants share the view that the Second Circuit's order suspends all discovery-related obligations pending further developments. (*See* attached email.)  But in an abundance of caution, and in order to protect its privilege claims, Chevron seeks confirmation from the Court that yesterday's order from the Second Circuit staying the Count Nine proceedings applies to this Order.

Were it not for the Second Circuit's stay, Chevron would be filing objections to Magistrate Judge Francis's Order and seeking a stay of its application pending this Court's resolution of those objections.  We respectfully believe that Magistrate Judge Francis misapprehended the nature of certain of Chevron's privilege assertions, including work product claims over excerpted media reports compiled at the direction of counsel and, in many instances, reflecting discussion concerning their contents.

Consistent with Chevron's continuing good faith efforts to comply with all of its discovery obligations in this matter, we are preparing a document-by-document privilege log for production, as directed, in the event that any stays applicable to any of Chevron's claims are lifted.

Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich • New York
Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

The Honorable Lewis A. Kaplan
September 20, 2011
Page 2

As always, we are thankful for the Court's consideration, and we would appreciate confirmation that Your Honor agrees the Second Circuit's stay applies to any obligations imposed by the Order or, alternatively, any other directive Your Honor has for Chevron in this regard.

Respectfully,

*Randy Mastro /rb*

Randy M. Mastro

cc:    Counsel of Record

*The matter is stayed as of now*

SO ORDERED

LEWIS A. KAPLAN, USDJ

9/27/11