# MANDATE

S.D.N.Y.–N.Y.C.
11-cv-3718
11-cv-691
Kaplan, J.
Francis, M.J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of September, two thousand eleven,

Present:
>Rosemary S. Pooler,
>Richard C. Wesley,
>Gerard E. Lynch,
>>*Circuit Judges.*

Chevron Corporation,

>*Plaintiff-Appellee*,
>v.

Hugo Gerardo Camacho Naranjo, *et al.*,

>*Defendants-Appellants*,

Pablo Fajardo Mendoza, *et al.*,

>*Defendants.*

11-1150-cv(L)
11-1264-cv(con)

Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje,

>*Petitioners*,
>v.

Chevron Corporation,

>*Respondent.*

11-2259-op(con)

MANDATE ISSUED ON 10/20/2011

Chevron Corporation,

       *Plaintiff-Appellee*,

   v.                  11-2732-cv

Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje,

       *Defendants-Appellants*,

Maria Aguinda Salazar, *et al.*,

       *Defendants.*

---

Appellants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje, through counsel, move to consolidate the appeal docketed under 11-2732-cv with the preliminary injunction appeals docketed under 11-1150-cv(L) and 11-1264-cv(con), and their mandamus proceeding, docketed under 11-2259-op(con). However, we have determined, *nostra sponte*, that this Court lacks jurisdiction over the appeal docketed under 11-2732-cv. Upon due consideration, it is hereby ORDERED that the appeal docketed under 11-2732-cv is DISMISSED and the Appellants' motion is DENIED as moot.

A Rule 21 severance order is not a final decision under 28 U.S.C. § 1291, and is not appealable under the collateral order doctrine because it is effectively reviewable on appeal from a final judgment. *See Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995 (11th Cir. 2011) (per curiam); *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 441 and n.17 (7th Cir. 2006) (noting that almost all circuits have adopted the same approach to Rule 21 severance and have held that "severance creates two discrete, independent actions, which then proceed as separate suits for the purpose of finality and appealability"); *cf. Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973). Moreover, the substance of the March 2011 preliminary injunction is effectively reviewable absent the present appeal — as amply demonstrated by the Appellants' concession that the legal issues in the present appeal "are identical in all respects" to the issues in the preliminary injunction appeals. *See In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 179 (2d Cir. 2008); *cf. MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 384 (2d Cir. 2006).

Although the Appellants contend that they appeal the district court's June 1, 2011 severance order "insofar as it incorporates and makes applicable" the March 2011 preliminary injunction to the Count Nine action, this does not save their appeal from dismissal. The severance order does not fall under 28 U.S.C. § 1292(a)(1) as an order relating to an injunction because it did not grant any "substantive relief." *In re Zyprexa Prod. Liab. Litig.*, 594 F.3d 113, 117–18 (2d Cir. 2010) (citation omitted). Furthermore, the severance order is not appealable as an order "modifying" the injunction because it did not "alter[] the legal relationship between the parties, or

substantially change[] the terms and force of the injunction," *Weight Watchers Int'l., Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141–42 (2d Cir. 2005) (citation omitted), nor is it appealable as an order "continuing" the injunction because it did not "extend or prolong the restraint," *In re Fugazy Express, Inc.*, 982 F.2d 769, 777 (2d Cir. 1992) (citation omitted).

                FOR THE COURT:
                Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3