UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>MARIA AGUINDA SALAZAR, *et al.*,<br><br>        Defendants,<br><br>-and-<br><br>STEVEN DONZIGER, *et al.*,<br><br>        Intervenors. | CASE NO. 11-CV-3718 (LAK) |

**DEFENDANTS HUGO GERARDO CAMACHO NARANJO'S AND JAVIER PIAGUAJE PAYAGUAJE'S MOTION FOR CLARIFICATION OF THE SCOPE OF THE APRIL 2, 2012 MEMORANDUM OPINION EXONERATING AND DISCHARGING PRELIMINARY INJUNCTION BOND AND TO RESOLVE OUTSTANDING MOTION TO EXONERATE AND DISCHARGE SAME BOND [DI 381]**

## MOTION

**PLEASE TAKE NOTICE** that Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje (the "Ecuadorian Plaintiffs"),[1] by and through undersigned counsel, shall move, and hereby do move, this Court, before the Honorable Lewis A. Kaplan, at the United States Courthouse for the Southern District of New York, Courtroom 18D, 500 Pearl Street, New York, New York 10007, at such time as counsel may be heard for an order confirming entry of the Court's April 2, 2012 memorandum opinion exonerating and discharging the Preliminary Injunction bond that exists in this action, and to resolve Plaintiff Chevron Corporation's ("Chevron") pending motion to exonerate and discharge that same bond [DI 381] on this otherwise closed docket.

## BACKGROUND AND REQUEST FOR RELIEF

On March 13, 2012, Chevron filed an application by order to show cause in two actions – *Chevron Corp. v. Salazar*, No. 11-CV-3718 (the "*Salazar* docket") and *Chevron Corp. v. Donziger*, No. 11-cv-0691 (the "RICO docket") – seeking to exonerate and discharge the $21.8 million bond that was posted in connection with this Court's Preliminary Injunction.[2] (*See* Dkt. 381; *see also* No. 11-cv-0691, Dkt. 423.) The briefing papers accompanying Chevron's application indicated that the application was filed by Chevron in *both* the *Salazar* and RICO dockets "[o]ut of an abundance of caution" and based on this Court's prior orders. (Dkt. 382, at 3 n.4.) As Chevron explained:

---

[1] By filing this motion, the Ecuadorian Plaintiffs do not intend to waive any defenses they may have in connection with this proceeding or case No. 11-cv-0619-LAK, including but not limited to, a lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

[2] The Preliminary Injunction was subsequently vacated and reversed by the United States Court of Appeals for the Second Circuit. *See generally Chevron Corp. v. Naranjo et al.*, 667 F.3d 232 (2d Cir. 2012).

> Chevron posted its bond in Case No. 11 Civ. 0691 before the Court severed the cases. This Court's severance order stated that '[a]ll decisions, orders and rulings and other determinations heretofore made in 11 Civ. 0691 (LAK), including without limitation . . . preliminary injunction . . . shall remain effect in the Count 9 Action.' Dkt. 328, p. 2 (May 31, 2011).

(*Id.*)

On the same day Chevron filed its application, this Court entered a Memo Order – docketed on *both* the *Salazar* and RICO dockets – declining to sign Chevron's proposed order to show cause and converting the proposed order to a notice of motion. (*See* Dkt. 384, at 2.) In accordance with the text of Court's March 13, 2012 Order and the District's Local Civil Rules, the Ecuadorian Plaintiffs filed a timely opposition which was docketed on both the the *Salazar* and RICO dockets on March 27, 2012. (*See* Dkt. 386.) The Ecuadorian Plaintiffs' opposition noted that "[w]hile the Ecuadorian Plaintiffs have opposed Chevron's motion on both dockets, the Court premised its issuance of the Preliminary Injunction on Count 9 of Chevron's Complaint, and that count was severed to create the Count 9 (*Salazar*) declaratory relief docket." (*Id.* at 1-2, n.2.) Chevron subsequently filed its reply brief in both the *Salazar* and RICO dockets. (*See* Dkt. 389.)

On April 2, 2012, this Court issued a Memorandum Opinion on the RICO docket purporting to exonerate and discharge the bond required in connection with the Preliminary Injunction. (*See generally* Declaration of Julio C. Gomez ("Gomez Decl."), dated May 22, 2012, Ex. A..) That Memorandum Opinion did not on its face indicate that the order exonerating and discharging the injunction bond applied to the *Salazar* docket.

On May 2, 2012, in an abundance of caution, the Ecuadorian Plaintiffs timely attempted to file a Notice of Appeal on the *Salazar* docket. (Gomez Decl., Ex. B.) The Appeals Department for the Clerk of the Court advised counsel to the Ecuadorian Plaintifs that "the

Notice of Appeal . . . cannot be processed. There is no order to appeal from. The initial order to show cause was incorrectly filed in this case and the motion has been terminated." (Gomez Decl., Ex. C.)

The Ecuadorian Plaintiffs thus seek clarification from the Court as to the intent and scope of its exoneration and discharge order. Since (1) this Court premised its issuance of the Preliminary Injunction on Count 9 of Chevron's Complaint and that Count was severed from the Complaint to create the *Salazar* docket, (2) Chevron filed for exoneration relief in the *Salazar* docket, and (3) the Court had earlier docketed an order on the *Salazar* docket, converting the application for an order to show cause to a motion and requiring the Ecuadorian Plaintiffs to file subsequent briefing on the *Salazar* docket, it would seem that any order exonerating the bond would necessarily be entered on the *Salazar* docket – if not exclusively – then at least in tandem with any such Order in the RICO docket. Accordingly, the Ecuadorian Plaintiffs respectfully request that the Court confirm the entry of the April 2, 2012 Memorandum Opinion on the *Salazar* docket, and resolve Chevron's outstanding motion to exonerate and discharge the bond on the *Salazar* docket, or otherwise clarify the status of the bond in that action.

Dated: May 22, 2012

                                 By: /s/ *Craig Smyser*
                                   CRAIG SMYSER (*pro hac vice*)
                                   LARRY R. VESELKA (*pro hac vice*)
                                   SMYSER KAPLAN & VESELKA, L.L.P.
                                   700 Louisiana, Suite 2300
                                   Houston, TX 77002
                                   Telephone: 713.221.2330
                                   Facsimile: 713.221.2320
                                   Email: csmyser@skv.com
                                   Email: lveselka@skv.com

>By: /s/ *Julio C. Gomez*
>Julio C. Gomez
>GOMEZ LLC
>The Trump Building
>400 Wall Street, 28th Floor
>New York, NY  10005
>Tel:     212.400.7150
>Fax:     212.400.7151
>Email:  jgomez@gomezllc.com
>
>*Attorneys for Defendants the Ecuadorian Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 22, 2012**,** I caused (1) Defendants Hugo Gerardo Camacho Naranjo's and Javier Piaguaje Payaguaje's Motion For Clarification Of The Scope Of The April 2, 2012 Memorandum Opinion Exonerating And Discharging Preliminary Injunction Bond And To Resolve Outstanding Motion To Exonerate And Discharge Same Bond [DI 381]; and (2) Declaration Of Julio C. Gomez In Support Of Defendants Hugo Gerardo Camacho Naranjo's And Javier Piaguaje Payaguaje's Motion For Clarification Of The Scope Of The April 2, 2012 Memorandum Opinion Exonerating And Discharging Preliminary Injunction Bond And To Resolve Outstanding Motion To Exonerate And Discharge Same Bond [DI 381] with supporting exhibits to be electronically filed with the Clerk of the Court using CM/ECF system which, pursuant to Local Rule 5.2, is deemed service for purposes of Fed. R. Civ. P. 5.  I certify under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2012

                                                By: *s/ Julio C. Gomez*
                                                    Julio C. Gomez

123232