UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHEVRON CORPORATION,

        Plaintiff,

  v.

MARIA AGUINDA SALAZAR, et al.,

        Defendants,

  and

STEVEN DONZIGER, et al.,

        Defendants.

: 11 Civ. 3718 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLAINTIFF CHEVRON CORPORATION'S OPPOSITION TO THE LAP REPRESENTATIVES' MOTION FOR CLARIFICATION OF THE SCOPE OF THE APRIL 2, 2012 MEMORANDUM OPINION EXONERATING AND DISCHARGING PRELIMINARY INJUNCTION BOND AND TO RESOLVE OUTSTANDING MOTION TO EXONERATE AND DISCHARGE SAME BOND**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiff Chevron Corporation*

Plaintiff Chevron Corporation respectfully submits that no clarification is needed of this Court's April 2, 2012 memorandum opinion exonerating and discharging the $21.8 million bond that Chevron posted in connection with the preliminary injunction. Chevron also submits that there is nothing further to resolve concerning Chevron's "motion" to exonerate that same bond, because no such motion is pending in this or any other action. Consequently, the Court should deny the motion of the LAP Representatives (defendants Naranjo and Payaguaje).

The LAP Representatives' motion rests on two erroneous premises. First, the LAP Representatives wrongly assume that there is still a bond pending in *this* action—the severed "Count 9 Action" (Case No. 11 Civ. 3718), which this Court dismissed in its entirety on February 21, 2012 (Dkt. 380), in accordance with the Second Circuit's mandate. But there was only one $21.8 million bond posted in connection with the preliminary injunction proceedings. Chevron sought to exonerate that bond in the main "RICO Action" (Case No. 11 Civ. 0691)—the action in which the bond was posted. This Court granted Chevron the relief it sought, exonerating and dismissing the bond in its entirety on April 2, 2012. And Chevron's surety picked up its bond the very next day. Thus, there is no bond in existence, and there is nothing to exonerate, discharge, or "clarify."

Second, the LAP Representatives erroneously contend that Chevron's "motion" to exonerate the bond remains pending in this action. That is wrong. In fact, in seeking to exonerate its bond, Chevron proceeded initially by order to show cause, not by regularly noticed motion. Chevron filed its application in both the RICO Action and this severed Count 9 Action "[o]ut of an abundance of caution" because the severance order stated that "[a]ll decisions, orders and rulings and other determinations heretofore made in [the RICO Action], including without limitation the . . . preliminary injunction . . . shall remain in effect in the Count 9 Action." Dkt. 382 at

3 n.4. But upon Chevron's filing of the application, this Court issued a memorandum endorsement declining to issue the order to show cause and deeming Chevron's application a notice of a regular motion. The Court's memorandum endorsement bore *only* Case No. 11 Civ. 0691 (the RICO action). *See* Dkt. No. 426 in Case No. 11 Civ. 0691.[1] In other words, Chevron applied by order to show cause in both the RICO Action and this Count 9 Action, but this Court denied Chevron's application in both actions and then converted the applications into a single motion pending only in the RICO Action.

Thus, when this Court granted Chevron's motion to exonerate the bond in the RICO Action on April 2, 2012, this Court resolved all outstanding issues surrounding Chevron's $21.8 million preliminary injunction bond. No clarification of that memorandum opinion is needed, and there is no motion pending in this action regarding Chevron's bond. The Court therefore should deny the LAP Representatives' motion for clarification and resolution.

Dated:  June 7, 2012                    Respectfully submitted,

                                        GIBSON, DUNN & CRUTCHER LLP

                                        */s/ Randy M. Mastro*
                                        Randy M. Mastro
                                        200 Park Avenue
                                        New York, New York 10166
                                        Telephone: 212.351.4000
                                        Facsimile: 212.351.4035

                                        Andrea E. Neuman
                                        3161 Michelson Drive
                                        Irvine, California 92612
                                        Telephone: 949.451.3800
                                        Facsimile: 949.451.4220

---

[1] This Court docketed the memorandum endorsement in this Count 9 Action (Dkt. 384) as well as in the RICO Action—likely because Chevron filed its application by order to show cause in both actions, so it was necessary to deny Chevron's application in both actions.

2

3

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Plaintiff Chevron Corporation

3