UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIA AGUINDA SALAZAR, *et al.*,<br><br>　　　　　Defendants,<br><br>　　-and-<br><br>STEVEN DONZIGER, *et al.*,<br><br>　　　　　Intervenors. | CASE NO. 11-CV-3718 (LAK) |

**DEFENDANTS HUGO GERARDO CAMACHO NARANJO'S AND JAVIER PIAGUAJE PAYAGUAJE'S REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF THE SCOPE OF THE APRIL 2, 2012 MEMORANDUM OPINION EXONERATING AND DISCHARGING PRELIMINARY INJUNCTION BOND AND TO RESOLVE OUTSTANDING MOTION TO EXONERATE
AND DISCHARGE SAME BOND [DI 381]**

Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje (the "Ecuadorian Plaintiffs") respectfully submit this reply brief in support of their Motion for Clarification of the Scope of the April 2, 2012 Memorandum Opinion Exonerating and Discharging Preliminary Injunction Bond and to Resolve Outstanding Motion to Exonerate and Discharge Same Bond ("Motion for Clarification") [DI 381].[1]

\* \* \*

On May 31, 2011, this Court issued an order severing Count 9 of Chevron Corporation's ("Chevron") Complaint "to order a separate trial on that count," to "proceed as a separate action," and to be "assign[ed] a separate docket number." (*See* Dkt. 1-1, 1.) However, the Court specifically directed that "[a]ll decisions, orders and rulings and other determinations heretofore made in 11 Civ. 0691 (LAK), including without limitation . . . the preliminary injunction order, shall remain in effect" in the new *Salazar* docket. (*See* id. at 2.) Of course, when granting Chevron's motion for a preliminary injunction, this Court ordered Chevron to post a $21.8 million bond and "to abide further order of the Court" in maintaining the injunction bond. *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581, 657 (S.D.N.Y. 2011), *vacated sub. nom.*, *Chevron Corp. v. Naranjo*, 667 F.32 232 (2d Cir. 2012). However, there has been no further order on the injunction bond in this docket.

The fact that Chevron's surety is alleged to have "picked up its bond the very next day" after this Court exonerated the RICO docket bond is of no moment.[2] The Court's decision to issue a Preliminary Injunction on Count 9 of Chevron's Complaint, and to sever Count 9 from

---

[1] By filing this Reply brief, the Ecuadorian Plaintiffs do not intend to waive any defenses they may have in connection with this proceeding or case No. 11-cv-0619-LAK, including but not limited to, a lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

[2] Chevron did not proffer any support, in the form of a clerk's certificate or other exhibit, evidencing this claimed fact.

the Complaint to create the *Salazar* docket suggests that Chevron's obligation "to abide further order of the Court" and maintain the bond did not extinguish on the *Salazar* docket.

Chevron also misguidedly claims that, at the time the Court denied its order to show cause application, it was clear to the company that the Court "converted" its applications on the RICO and *Salazar* dockets "into a single motion pending only in the RICO Action." (Opp. Br. at 3.) But Chevron's own actions belie this argument: even after the Court rejected Chevron's order to show cause, Chevron filed a Reply brief in support of its exoneration motion on the *Salazar* docket, as well as a declaration of counsel Randy Mastro, and four supporting exhibits. (*See* Dkts. 390-00; 390-01; 390-02; 390-03; 390-04.) If the Court had converted the applications into a single motion pending only in the RICO Action, and this was clear to Chevron, why did the company's counsel file additional briefing in the *Salazar* action? A fully briefed motion to exonerate the bond continues to remain pending on this docket.

There has been no further order of the Court on the pending exoneration motion in this severed proceeding. Chevron's opposition to the Motion for Clarification is a self-serving attempt to clarify an issue that should be resolved by the Court. Accordingly, the Ecuadorian Plaintiffs respectfully request that the Court confirm the entry of the April 2, 2012 Memorandum Opinion on the *Salazar* docket, resolve Chevron's outstanding motion to exonerate and discharge the bond on the *Salazar* docket, or otherwise clarify the status of the bond in this action.

Dated:   June 18, 2012                    By: /s/ *Craig Smyser*
                                          CRAIG SMYSER (*pro hac vice*)
                                          LARRY R. VESELKA (*pro hac vice*)
                                          SMYSER KAPLAN & VESELKA, L.L.P.
                                          700 Louisiana, Suite 2300
                                          Houston, TX 77002
                                          Telephone: 713.221.2330
                                          Facsimile:  713.221.2320
                                          Email:    csmyser@skv.com
                                          Email:    lveselka@skv.com

2

                By: /s/ *Julio C. Gomez*
                    Julio C. Gomez
                    GOMEZ LLC
                    The Trump Building
                    400 Wall Street, 28th Floor
                    New York, NY  10005
                    Tel:    212.400.7150
                    Fax:   212.400.7151
                    Email:  jgomez@gomezllc.com

                    *Attorneys for Defendants the Ecuadorian Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 18, 2012, I caused Defendants Hugo Gerardo Camacho Naranjo's And Javier Piaguaje Payaguaje's Reply In Support Of Motion For Clarification Of The Scope Of The April 2, 2012 Memorandum Opinion Exonerating And Discharging Preliminary Injunction Bond And To Resolve Outstanding Motion To Exonerate And Discharge Same Bond [DI 381] to be electronically filed with the Clerk of the Court using CM/ECF system which, pursuant to Local Rule 5.2, is deemed service for purposes of Fed. R. Civ. P. 5.

I certify under penalty of perjury that the foregoing is true and correct.


June 18, 2012  /s/ *Julio C. Gomez*
                                                                                               Julio C. Gomez