# MEMO ENDORSED
RECEIVED SEP -7 2012 JUDGE KAPLAN'S CHAMBERS

## SMYSER KAPLAN & VESELKA, L.L.P.

BANK OF AMERICA CENTER
700 LOUISIANA SUITE 2300 HOUSTON, TEXAS 77002
TELEPHONE 713.221.2300 FACSIMILE 713.221.2320

Direct Dial Number:
(713) 221-2330

Author's E-mail Address:
csmyser@skv.com

September 6, 2012

*Via Hand Delivery*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/7/12

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    Case No. 11-cv-03718 (LAK); *Chevron Corporation v. Steven Donziger, et al.*, In the United States District Court for the Southern District of New York

Dear Judge Kaplan:

    I write as counsel for Defendants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje in the above-referenced matter to request that Chevron's improper and unauthorized letter brief of today be stricken from the record due to Chevron's demonstrated disregard for the Court's Individual Practices for discovery motions.

    Chevron's letter brief is unauthorized under the Court's Individual Practices, it is untimely, and it far exceeds the total briefing space allotted to both sides for briefing a discovery dispute. Defendants were required to and did respond to Chevron's August 13 motion in two days, as provided by the Court's Individual Practices. Chevron's untimely letter brief comes twenty days after Defendants filed that response. Chevron waited—without explanation—nearly three weeks before submitting more than 9 single-spaced pages in the form of a letter and attached declaration.

    Chevron's disregard for the Court's Individual Practices because of a "new argument" is nonsensical. It was, of course, Chevron that preemptively filed the motion to compel before completion of the meet-and-confer process. Defendants had no ability to divine the arguments Chevron would make in the unexpected motion. However, Chevron did know from the parties' discussions that there were "potential issues with [collecting documents from various persons and entities in Ecuador], including issues of Ecuadorian law." Dkt. 565. Chevron controlled when it brought the motion and could and should have waited to file the motion until it had any declarations on Ecuadorian law it wanted the Court to consider along with its motion, subject to the four-page limitation in this Court's Individual Practices.

371242.1

Honorable Lewis A. Kaplan
United States District Judge
September 6, 2012
Page 2

---

      For these reasons, and because Chevron failed to confer concerning this matter before sending its unauthorized letter, Chevron's letter should be stricken. Strictly in the alternative, the Ecuadorian Plaintiffs request leave to submit a reply of equal or less length to that submitted by Chevron, including any declaration, within twenty-one days.

                                     Respectfully submitted,

                                       *[signature]*
                                     Craig Smyser
                                     *Attorney for Defendants Hugo Gerardo Camacho*
                                     *Naranjo and Javier Piaguaje Payaguaje*

cc: All Counsel of Record (via email)

---

*Handwritten order:*

The request to strike is denied. Applicants may submit a sur-reply affidavit or declaration responding to Dr. Romero's on or before September 14, 2012. It shall not exceed 5 pages in length.

SO ORDERED

*[signature]*
LEWIS A. K[APLAN]
9/7/12

371242.1